UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO.:

GROUP-A ENGINEERING, a California Corporation,

                Plaintiff,

v.

JACKSPANIA RACING LIMITED LIABILITY COMPANY, a Florida limited liability company,

                Defendant.

## COMPLAINT

The Plaintiff, Group-A Engineering, for its Complaint against the Defendant, JACKSPANIA RACING LIMITED LIABILITY COMPANY, alleges as follows:

## PARTIES

1. Plaintiff, GROUP-A ENGINEERING, is a California corporation having a principal place of business at 2050 5th Street, Norco, CA 92860.

2. On information and belief, Defendant, JACKSPANIA RACING LIMITED LIABILITY COMPANY, is a Florida limited liability company having a principal place of business at 2830 Broadway Center Boulevard, Brandon, FL 33510.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant based upon its contacts with

this forum, including formation under the laws of Florida, a principal place of business within the state of Florida, and the sale and shipping of infringing products from the state of Florida.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and 1400(b).

## GENERAL FACTS

7.     Plaintiff the sole owner of U.S. Patent No. D650812 that issued on December 20, 2011 (hereinafter the "Design Patent"). A copy of the Design Patent is attached hereto as Exhibit A. The Design Patent is valid and enforceable.

8.     Plaintiff sells a product shown in and embodied by the Design Patent to online stores and thru its own web-site under the registered marks SKUNK2® and SKUNK2 RACING® (hereinafter the "Genuine Product") and other online retailers. A web page of Plaintiff's web site offering for sale the Genuine Product is as follows: https://skunk2.com/timing-chain-cover-black-honda-k24.html. The Genuine Product has and continues to be sold throughout the United States and in many foreign countries, and has achieved significant commercial success.

9.     On or about August 20, 2024, plaintiff uncovered that defendant was selling a timing chain cover on its web site (https://jackspaniaracing.shop) and to other online retailers, including Carrott Top Tuning located in California that was virtually identical to the Design Patent.

10.    On September 5, 2024, Plaintiff purchased a timing cover from an online web site of Carrott Top Tuning. A picture of the timing chain cover purchased from Carrott Top Tuning is attached hereto as Exhibit B (hereinafter the "Accused Product").

11. The Accused Product is marked with the name "JACKSPANIA RACING." Attached hereto as Exhibit C, is a copy of a shipping label that was attached to a shipping box containing the Accused Product. The shipping label identifies Defendant as the entity that shipped the Accused Product on September 8, 2024.

12. The Accused Product is virtually identical to the claimed design of the Design Patent.

13. Defendant had actual knowledge of the Design Patent and that Plaintiff would consider any import, manufacture, offer for sale, and/or sale of the Accused Product a willful infringement of the Design Patent.

14. Specifically, on September 11, 2023, counsel for the Plaintiff sent a letter to Defendant with a picture of the Accused Product posted by Defendant in a FACEBOOK® chat and a copy of the Design Patent.

15. In this letter, Plaintiff stated to Defendant that any offer to sell and/or sale of the Accused Product would be a willful infringement of the Design Patent. A copy of the letter dated September 11, 2023, is attached hereto as Exhibit D.

16. In a FACEBOOK® chat, Defendant acknowledged receipt of the letter dated September 11. 2023, and the Design Patent, and stated it would not sell the Accused Product. A copy of the FACEBOOK® chat is attached hereto as Exhibit E.

17. Defendant had actual notice again when on August 22, 2024, counsel for Plaintiff sent a letter to Defendant alleging infringement and demanding that Defendant stop offering for sale and/or selling the Accused Product and presented Defendant with a reasonable settlement offer.

18. Defendant sent counsel for Plaintiff an e-mail acknowledging receipt of the e-

mail. Plaintiff received no reply from Defendant. However, Defendant revised its web site to state the Accused Product was out of stock but made the decision to continue selling the Accused Product.

### COUNT I: PATENT INFRINGEMENT - U.S. PATENT NO. D650812

19. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-18 as if fully alleged herein.

20. In view of the prior art, the overall ornamental design of the Accused Product is substantially similar to the claimed design of the Design Patent such that an ordinary consumer would be confused and/or deceived into thinking the Accused Product was mistakenly the product shown in the claimed design of the Design Patent.

21. Defendant's manufacture, import, use, offer for sale, and/or sale of the Accused Product infringes the claimed design of the Design Patent in violation of 35 U.S.C. §271(a).

22. Defendant's infringement of the Design Patent has caused and continues to cause Plaintiff irreparable harm.

23. Defendant's infringement of the Design Patent has caused and continues to cause Plaintiff monetary damage.

24. Upon information and belief, Defendant has no reasonable legal basis for believing that the Accused Product does not infringe the Design patent.

25. Upon information and belief, Defendant has no reasonable legal basis for believing that the Design patent is invalid and/or unenforceable.

26. Upon information and belief, Defendant had actual knowledge of many ornamental alternative designs that it could replace for the Accused Product that would

not infringe the Design Patent and may be in the public domain, including the ornamental design of the OEM timing chain cover that has entered the public domain and the ornamental design of aftermarket OEM timing chain covers marketed and sold online by Drag Cartel (www.dragcartel.com) and Parts Geek (.www.partsgeek.com).

27. By way of example, defendant could have easily copied the ornamental design of the OEM timing chain cover to avoid infringement of the Design Patent. Instead, defendant decided to copy plaintiff's patented design.

28. With actual knowledge of the Design Patent and a complete disregard for Plaintiff's Design Patent, and no reasonable legal defense against infringement of the Design Patent, and having the ability to market and sell a non-infringing design, Defendant made a knowingly and intentional decision to sell the Accused Product that is virtually identical to the claimed design of the Design Patent.

29. Defendant's decision to import, manufacture, offer for sale and/or sell the Accused Product was intentional, reckless, and flagrant, and a clear attempt to trade off the good will associated with plaintiff's valuable protected design, thereby constituting a clear case of willful infringement of the Design Patent and an exceptional case.

## REQUESTED RELIEF

Plaintiff requests this Court to enter judgment in favor of Plaintiff against the Defendant on the above count and grant it the following relief:

1. Pursuant to 35 U.S.C. §283, an Order that Defendant be preliminary enjoined from making, importing, using, offering for sale, and/or selling the Accused Product or any other product that infringes U.S. Patent No. D650812;

2. Pursuant to 35 U.S.C. §283, an Order that Defendant be permanently

enjoined from making, importing, using, offering for sale, and/or selling the Accused Product or any other product that infringes U.S. Patent No. D650812;

3. Pursuant to 35 U.S.C. §284, that Defendant pay Plaintiff damages as may be proved at trial, and in no event less than a reasonable royalty;

4. Pursuant to 35 U.S.C. §289, that Defendant pay Plaintiff the profits realized by Defendant's sales of the Accused Product as may be proved at trial;

5. Pursuant to 35 U.S.C. §284, that damages be trebled;

6. Pursuant to 35 U.S.C. §285, that Plaintiff be awarded its reasonable attorney fees in connection with all work (attorney fees and costs) related to this litigation;

7. Pursuant to 35 U.S.C. §284, that Plaintiff be awarded interest on damages;

8. Pursuant to 35 U.S.C. §284, that Plaintiff be awarded its costs;

9. That all existing inventory of the Accused Product be destroyed at no cost to Plaintiff; and

10. Such other relief as this Court deems equitable and just.

## REQUEST FOR A JURY

Plaintiff hereby requests a jury on all issues triable by a jury.

Dated: October 24, 2024                    Respectfully submitted,

By:/s/ Louis R. Gigliotti/
Louis R. Gigliotti, Esq.
Louis R. Gigliotti, PA
Florida Bar No.: 71935
1605 Dewey Street
Hollywood, FL 33020
Ph: (954) 471 4392
lgigliotti@bellsouth.net

And:

Dated: 10-24-2024                    /s/ Steven N. Fox
                                     Steven N. Fox (BBO #554692)
                                     P.O. Box 193
                                     Sharon, MA 02067
                                     (339) 206-2713
                                     E-Mail: snf33237@gmail.com
                                     *Pro Hac Vice* Forthcoming

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed via ECF this 24th day of October, 2024.

By:     /s/Louis R. Gigliotti
        Louis R. Gigliotti, Esq.